## CIRCUIT COURT OF AMHERST COUNTY

Eric Walter West

v.

W. Thomas Berry,
Administrator
of the estate of
Christopher A. Hodnett

February 12, 2004

Case No. CL5211

BY JUDGE J. MICHAEL GAMBLE

I am writing this letter to rule on the motion in limine of the plaintiff. The evidentiary issues raised are very interesting.

Upon consideration, I overrule the motion in limine of the plaintiff. The Report of Investigation by Medical Examiner dated April 19, 1997, together with the Certificate of Analysis by Dale A. Carpenter, Forensic Toxicologist, are admissible as evidence pursuant to Va. Code § 8.01-390.2. Further, Richard J. McGarry, an expert forensic toxicologist, will be allowed to testify as an expert witness and utilize the Report of Investigation By Medical Examiner and Certificate of Analysis by Dale A. Carpenter, Forensic Toxicologist, in forming his opinions.

Va. Code § 8.01-401.1 allows an expert witness to give testimony and render opinions based on data of a type normally relied upon by others to form opinions. The deposition of Richard J. McGarry, forensic toxicologist, indicates that he will utilize the Report of Investigation by Medical Examiner as part of the data upon which he will rely to give his opinions. Plaintiff objects to the utilization of this report as a basis for the opinion of Mr. McGarry on the grounds that it is inadmissible (particularly the Certificate of Analysis), not based on an adequate foundation, speculative, and fails to consider all the variables. In addition, plaintiff objects to the chain of custody of the blood sample.

4

The analysis in this case must begin with Va. Code § 8.01-390.2. The 2003 Session of the Virginia General Assembly passed this statute to make certain reports by medical examiners admissible in civil cases. Specifically, this section provides that reports of investigations by medical examiners *shall be* received as evidence in any court. Accordingly, so long as it is relevant, the report of medical examiner is admissible in a civil action. The plaintiff, however, maintains that the Certificate of Analysis prepared by Dale A. Carpenter, Forensic Toxicologist with the Division of Forensic Science, is not part of the Medical Examiner Report of Investigation. This argument is not supported by the facts or the law.

William Massello, III, M.D., Assistant Chief Medical Examiner for Western Virginia, testified that the Certificate of Analysis is part of the Report of Investigation. (Massello Dep. at pp. 10-11.) Further, Va. Code § 9.1-117 provides that the Division of Forensic Science shall provide laboratory services upon request to "local medical examiners" and "Assistant Chief Medical Examiners." That is exactly what occurred in this case.

Dennis E. Burns, M.D., the local medical examiner, drew blood for toxicology analysis. This blood was mailed to the Deputy Chief Medical Examiner. The Deputy Chief Medical Examiner submitted the blood to the Division of Forensic Science for a toxicology report. This report is a part of the Report of Investigation of the Medical Examiner.

If the argument of the plaintiff is taken to the extreme, practically no report of blood analysis (toxicology report) would be admissible unless the analysis was done within the office of the medical examiner. It is common knowledge that most toxicology is done in a lab rather than in the office of a physician. This is obviously why Va. Code § 9.1-117 provides that the Division of Forensic Science shall make reports to medical examiners.

Plaintiff has also raised a number of issues involving the reliability and chain of custody of the blood sample. In the deposition of Richard J. McGarry and William Massello, III, M.D., the plaintiff has proposed a number of "what if" questions. However, the plaintiff has not in any degree established that there is any improper procedure that was followed either by the local medical examiner or by the Deputy Chief Medical Examiner. Likewise, the testimony indicates that standard procedures for the chain of custody were followed and that the chain of custody has reasonably been established. For instance, the testimony indicates that the blood was withdrawn, that it was forwarded with the normal certificate to the Office of the Deputy Chief Medical Examiner, that it was delivered by the Office of the Deputy Chief Medical Examiner in the normal manner to the Division of Forensic Science, and that the Division of Forensic Science delivered its normal Certificate of Analysis. The

testimony of William Massello, III, M.D., establishes that the normal and reasonable procedures were followed in this instance.

While the court has ruled that the report, certificate, and testimony of Mr. McGarry are admissible, it is certainly proper for the plaintiff to present evidence at trial about the procedures that were followed in this case. Ultimately, it will be the duty of the trier of fact to decide what weight to be given to this evidence and testimony.

The motion in limine [is overruled].